IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 20-03001-01-CR-S-SRB |
| | ) | |
| ROBERT L. ROBINSON, III, | ) | |
| | ) | |
| Defendant. | ) | |

## **REPORT & RECOMMENDATION**

Before the Court is Defendant's Motion for Leave to File Motion to Suppress Out of Time. (Doc. 108.) In accordance with Local Rule 72.1, this action has been referred to the undersigned to prepare a report on all pretrial motions. As follows, it is **RECOMMENDED** that the motion for leave be **DENIED**.

**I.     Background**

On August 16, 2021, Defendant filed the motion for leave at issue. He moves for leave to file a motion to suppress "related to the vehicle stop, seizure and subsequent search of his vehicle on April 23, 2018, by officers with the Missouri State Highway Patrol." In support, Defendant points to the "substantial amount of discovery that has been provided by the Government." The Government has filed Suggestions in Opposition, arguing that Defendant has failed to show good cause to file a motion to suppress "more than six months after the deadline for filing pre-trial motions." (Doc. 109.)

On September 27, 2021, the undersigned conducted a hearing on the motion for leave. (Doc. 112.) The Government appeared by Assistant United States Attorney Jody Stockard, and Defendant appeared in person with his attorney, Shane Cantin. *Id.*

## II. Findings

On January 21, 2020, a 19-count Indictment was returned against four individuals, including Defendant. (Doc. 4.) Defendant is charged in counts 1-5, 11, and 15-17 with conspiracy to distribute cocaine, marijuana, and alprazolam, five counts of possession with intent to distribute marijuana, possessing a firearm in furtherance, distributing cocaine, and money laundering. *Id*.

Defendant was arrested on January 10, 2021, and Mr. Cantin was appointed to represent him on January 13, 2021. On January 15, 2021, Defendant appeared in custody for arraignment and the undersigned issued a Scheduling and Trial Order which set a clear and unambiguous deadline of February 15, 2021, for any relevant pretrial motions, including motions to suppress. (Doc. 88.) On or about January 19, 2021, all relevant discovery was made available to Defendant, and Mr. Cantin obtained the discovery "within a couple days." On or about February 4, 2021, Defendant was released on a personal recognizance bond. On March 8, 2021, on Defendant's motion, the trial was continued to November 1, 2021. On May 6, 2021, three months after he was released on his own recognizance, Defendant was arrested for allegedly violating his conditions of release, and on May 20, 2021, his bond was revoked, and he was ordered detained pending trial. Defendant is currently housed at the St. Clair County Jail, which requires defense counsel to drive two hours and 40 minutes round-trip to meet with Defendant in person. At the hearing, Mr. Cantin stated that there is "around a thousand pages or a little bit more of paper discovery." (Doc. 113 at 4.) By way of explanation for the delay, Mr. Cantin offered that, upon review,

> the paper reports related to this stop, this car stop, did not jump out at me as having a suppressible issue, not an arguably good one. But when I watched the video later, the video reads differently than the paper reports. And it took me a while to get to the video. There's no excuse for that. It just did.

*Id*. at 6. Regarding prejudice, Mr. Cantin stated,

> from that car stop came a box of -- containing purportedly four pounds of marijuana from the back of his pickup, a cell phone from which they claimed to have extracted conversations that are related to drug transactions. And those two pieces of information formed a substantial part of the basis for two search warrants that were executed immediately thereafter, one for his residence in Springfield, and one for his farm north of town.

Id. at 7.

### III. Conclusions

Motions for suppression of evidence "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3)(C). The court may set a deadline for pretrial motions. Fed. R. Crim. P. 12(c). However, the court may still consider an untimely pretrial motion "if the party shows good cause." Fed. R. Crim. P. 12(c)(3); see also *United States v. Reichel*, 911 F.3d 910, 916 (8th Cir. 2018). Good cause requires a showing of "both cause and prejudice." *United States v. Fogg*, 922 F.3d 389, 391 (8th Cir. 2018). Good cause is a "flexible standard that requires consideration of all interests in the particular case." Fed. R. Crim. P. 12(c)(3) advisory committee note to 2014 amendments. The movant bears the burden of showing good cause. *United States v. Trancheff*, 633 F.3d 696, 697 (8th Cir. 2011). Notably, "[t]he desire to suppress incriminating evidence [is] not by [itself] sufficient to establish good cause." *Id.* at 698. Furthermore, a court may deny a pretrial motion in limine as untimely "on the ground that it was an untimely effort to preserve issues that could have been raised in a timely motion to suppress." *Id.* at 697.

It is the undersigned's opinion that Defendant has failed to show cause to consider his untimely motion to suppress. The motion for leave was filed over six months after the deadline to file pretrial motions, and only two and one-half months before the trial is set to commence. The challenge that Defendant seeks to raise regarding an alleged discrepancy between the reports and the video of the vehicle stop would not appear to be either complex or novel. Furthermore, the

Government provided all relevant discovery to Defendant by January 19, 2021. Accordingly, the basis for Defendant's proposed motion to suppress was reasonably available to him well in advance of the February 15, 2021 deadline.

Despite this, Defendant did not move for suppression of evidence until over six months later. Defendant's primary explanation for this delay is the volume of the discovery, approximately 1000 pages. But, counsel explained that his review of the reports related to this stop did not show an "arguably good" suppression issue, and he did not review the video of the stop until much later. As stated previously, "[t]he desire to suppress incriminating evidence [is] not by [itself] sufficient to establish good cause." *Trancheff*, 633 F.3d at 698; *see also United States v. Salgado-Campos*, 442 F.3d 684, 685-86 (8th Cir. 2006) (affirming trial court's denial of motion to extend deadline to file motion to suppress, filed three months after the deadline set by the court, and only three weeks before the trial was set to commence.) Here, the delay in reviewing the related video of the stop, which was reasonably available with the reports on or about January 19, 2021, does not show sufficient cause. Also, although counsel states that Defendant's detention status poses difficulty in conferring with him, Defendant was released on his own recognizance for over three months before he was arrested for violating his conditions of release, from February to May of 2021. Based on the foregoing, Defendant has not shown cause for the untimeliness of the motion.

In summary, good cause requires a showing of "both cause *and* prejudice." *Fogg*, 922 F.3d at 391 (emphasis added). Since the undersigned concludes that Defendant has failed to show cause for his failure to move for suppression in a timely manner, the analysis may end here.

4

## IV. Recommendation

Based on the foregoing, the undersigned concludes that Defendant has not shown cause for the untimeliness of the motion, and thus has not shown good cause for his failure to timely raise this suppression issue. Therefore, it is **RECOMMENDED** that Defendant's Motion for Leave to File Out of Time be **DENIED**.

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: October 4, 2021