IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 20-03001-01-CR-S-SRB |
| | ) | |
| ROBERT L. ROBINSON, III, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT & RECOMMENDATION**

Before the Court is the Motion for Enlargement of Time (the "second motion"), filed by Defendant on November 12, 2021. (Doc. 131.) Defendant seeks an enlargement of time to file pretrial motions, to January 12, 2022. In accordance with Local Rule 72.1, this action has been referred to the undersigned to prepare a report on all pretrial motions. As follows, it is **RECOMMENDED** that Defendant's second motion be **DENIED**.

**I.     Findings**

On January 21, 2020, a 19-count Indictment was returned against four individuals, including Defendant. (Doc. 4.) Defendant is charged in Count 1 with conspiracy to distribute cocaine, marijuana, and alprazolam, Counts 2, 4, 15 and 16 with possession with intent to distribute marijuana, Count 3 with possessing a firearm in furtherance, Count 5 with distributing cocaine, Count 11 with money laundering, and Count 17 with possession with intent to distribute marijuana and cocaine. *Id*.

Defendant made his initial appearance on January 12, 2021, and Shane Cantin was appointed to represent him on January 13, 2021. On January 15, 2021, Defendant appeared for arraignment and the undersigned issued a Scheduling and Trial Order which set a clear and

unambiguous deadline of February 15, 2021, for any relevant pretrial motions. (Doc. 88.) On or about January 19, 2021, all relevant discovery was made available to Defendant, and Mr. Cantin obtained the discovery "within a couple days." (Doc. 113 at 2.)

On August 16, 2021, Defendant, through Mr. Cantin, filed a motion for leave to file a motion to suppress out of time (the "first motion"). (Doc. 108.) The undersigned conducted a hearing on the first motion on September 27, 2021, and issued a report and recommendation on October 4, 2021, recommending that the first motion be denied for failing to show cause for its untimeliness. (Doc. 116.) On October 18, 2021, the District Judge adopted the report and recommendation and denied the first motion. (Doc. 118.)

On October 21, 2021, Mr. Cantin filed a motion to withdraw as counsel, due to a conflict of interest. (Doc. 121.) The next day, Mr. Cantin was allowed to withdraw as counsel and Brady Musgrave was appointed to represent Defendant.

Mr. Musgrave filed the second motion on November 12, 2021, stating he was recently appointed and "Defendant has requested that Counsel explore the filing of a motion to suppress evidence, however to date counsel has not had sufficient time to review the discovery file in its entirety to make that determination." (Doc. 131.) The Government has filed a Response stating they do not oppose the second motion. (Doc. 133.)

## II.   Conclusions

Motions for suppression of evidence "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3)(C). The court may set a deadline for pretrial motions. Fed. R. Crim. P. 12(c). However, the court may still consider an untimely pretrial motion "if the party shows good cause." Fed. R. Crim. P. 12(c)(3); see also *United States v. Reichel*, 911 F.3d 910,

916 (8th Cir. 2018). Good cause requires a showing of "both cause and prejudice." *United States v. Fogg*, 922 F.3d 389, 391 (8th Cir. 2018). Good cause is a "flexible standard that requires consideration of all interests in the particular case." Fed. R. Crim. P. 12(c)(3) advisory committee note to 2014 amendments. The movant bears the burden of showing good cause. *United States v. Trancheff*, 633 F.3d 696, 697 (8th Cir. 2011). Notably, "the desire to suppress incriminating evidence *and the retention of new counsel* are not by themselves sufficient to establish good cause." *Id.* at 698 (emphasis added), *citing United States v. Salgado-Campos*, 442 F.3d 684, 685-86 (8th Cir. 2006).

Upon review, the undersigned concludes that Defendant has failed to show cause for an extension of time to file pretrial motions. The Court has already denied Defendant's first motion requesting leave to file a motion to suppress out of time, for failing to show cause for its untimeliness. Defendant filed his second motion on November 12, 2021, less than one month after the first motion was denied. The only change in circumstances since the denial of the first motion is that Defendant now has a different attorney. The fact that Mr. Musgrave has not had time to review the discovery does not alter the fact that all relevant discovery was provided to Defendant on or about January 19, 2021. Consequently, the basis for any pretrial motions was reasonably available to Defendant well in advance of the deadline of February 15, 2021.

As stated previously, "the desire to suppress incriminating evidence *and the retention of new counsel* are not by themselves sufficient to establish good cause." *Trancheff*, 633 F.3d at 698. This, however, is precisely the basis for Defendant's second motion, which, as a result, fails to establish cause.

In summary, good cause requires a showing of "both cause *and* prejudice." *Fogg*, 922 F.3d at 391 (emphasis added). Since the undersigned concludes that Defendant has failed to show cause for his failure to move for an extension of time in a timely manner, the analysis may end here.

### III. Recommendation

Based on the foregoing, the undersigned concludes that Defendant has not shown cause for the untimeliness of the motion, and thus has not shown good cause for his failure to timely seek an extension of time to file pretrial motions. Therefore, it is **RECOMMENDED** that Defendant's Motion for Enlargement of Time in which to File Pretrial Motions be **DENIED**.

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: November 22, 2021